**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STEVEN ONEIL FINOL RAMOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2194-SLP |
| | ) | |
| WARDEN DIAMONDBACK FACILITY, et al., | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner, Steven Oneil Finol Ramos, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Suzanne Mitchell. The Magistrate Judge recommends granting, in-part, the Petition. Petitioner has filed an objection [Doc. No. 12], and Respondents have filed an Objection, [Doc. No. 13]. The matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R, to the extent it analyzes Petitioner's statutory claim, and GRANTS, in part, the Petition.

## I. **Background**

Petitioner, a citizen of Venezuela, entered the United States on or about March 30, 2023. On December 30, 2025, ICE detained Petitioner during a traffic stop. Petitioner has sought a bond hearing before an Immigration Judge (IJ) on three separate occasions, but on each occasion the IJ found no jurisdiction to hold a hearing. On June 22, 2026, an IJ ordered Petitioner's removal. Petitioner appealed the decision, and the appeal remains pending. Petitioner is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma.

On May 15, 2026, Petitioner filed his action, claiming prolonged detention without an individualized bond hearing in violation of his due process rights, arrest without a warrant, and unsafe and unsanitary conditions at the facility. As relief, Petitioner seeks an order for an individualized bond hearing, and any other relief the Court deems proper.

## II. **Discussion**

The Court concurs with the Magistrate Judge's findings, to the extent it analyzes Petitioner's detention under § 1226 and rejects Respondents' interpretation of §§ 1226(a) and 1225(b)(2)(A). The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees. *See Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026). The Court's previous determination is in accord with the Tenth Circuit's recent decision, based on indistinguishable material facts. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240

(10th Cir. 2026) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[1] The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 13] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received a proper bond hearing within that period.[2]

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on November 5, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[3]

---

[1] Only two circuits – the Fifth and Eighth – have held that the mandatory detention scheme under § 1225(b)(2) governs. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Herrera Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). On October 1, the U.S. Supreme Court granted certiorari in *Barbosa da Cunha v. Freden,* 175 F.4th 61 (2d Cir. 2026) to resolve the circuit split. *See id*., *cert. granted sub nom*. *Rhoney v. Barbosa da Cunha*, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026).

[2] Because the Court finds that habeas relief should be granted on a statutory basis, the Court declines to address Petitioner's remaining claims.

[3] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

IT IS FURTHER ORDERED that Petitioner's Motion for Temporary Restraining Order [Doc. No. 2] is DISMISSED AS MOOT.[4]

A separate judgment shall be entered.

IT IS SO ORDERED this 29th day of October, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] The court notes Petitioner's concern that the Respondents may transfer Petitioner before he receives his bond hearing. [Doc. No. 12] at 3. However, following this Court's Order, the Respondents must grant Petitioner an individualized bond hearing regardless because "a district court order **must be obeyed** until a higher court sets it aside." *TST Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-4158-SAC, 2014 WL 1047993 (D. Kan. Mar. 18, 2014) (*citing United States v. United Mine Workers of Am.*, 330 U.S. 258, 67 S. Ct. 677, 91 L. Ed. 884 (1947)) (emphasis added).